UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NPA ASSOCIATES, LLC and
MISCHA HILL ASSOCIATES, LLC,        CASE NO. 1:13-CV-23930-FAM

    Plaintiffs,

v.

LAKESIDE PORTFOLIO MANAGEMENT,
LLC, WESTON PORTFOLIO GROUP, LLC,
BRIAN O. PLUNKETT and
EUGENE WETZOLD,

    Defendants.
_____/

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Lakeside Portfolio Management, LLC ("LPM"), Weston Portfolio Group, LLC ("WPG"), Brian Plunkett ("Plunkett"), and Eugene Wetzold ("Wetzold"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss the Amended Complaint against them for failure to state a cause of action.

### Introduction

In this Complaint, Plaintiffs NPA Associates, LLC ("NPA") and Mischa Hill Associates, LLC ("MHA") allege that they each entered into an agreement to sell a pool of loans to LPM. Plaintiffs allege that LPM failed to close the transactions, and that all of the Defendants violated confidentiality agreements relating to the transactions. Plaintiffs' Complaint asserts eight (8) separate counts against the four (4) defendants. Counts I and II are claims by both Plaintiffs against all Defendants alleging violation of Florida's Trade Secrets Act and Deceptive and Unfair Trade Practices Act, respectively. In Count III, NPA sues LPM for breach of contract. In

Count IV, MHA sues LPM for breach of contract. In Counts V through VIII, NPA sues each of the Defendants for breach of a confidentiality agreement. For the reasons stated below, each of these Counts must be dismissed because the Plaintiffs have failed to state a cause of action for which relief may be granted.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*

## Count I- Trade Secrets

In Count I, Plaintiffs seek relief pursuant to Florida's Uniform Trade Secrets Act, §§688.001–.004, Fla. Stat. In order to properly plead a claim under Florida's Uniform Trade Secrets Act, a plaintiff must assert that: "(1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001).

A plaintiff acting under Florida's Uniform Trade Secrets Act must describe the misappropriated trade secret with "reasonable particularity." *Treco Intern. S.A. Kromka,* 706 F. Supp. 2d 1283, 1286 (S.D. Fla. 2010). Furthermore, "in a trade secret action, the plaintiff bears

the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998).

Plaintiffs fail to state a cause of action for a trade secret violation because they fail to identify the actual information they contend were their trade secrets, and fail to allege that such information actually qualifies as a trade secret. Paragraph 25 of Plaintiffs' Complaint only makes conclusory allegations regarding the trade secrets:

> The proprietary information shared with Defendants as part of the Confidentiality Agreements constitutes "trade secrets" as defined by Section 688.002, Fla. St. (sic). More specifically, the information at issue derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and was the subject of efforts that are reasonable under the circumstances to maintain its secrecy (the Agreements).

Plaintiffs must do more than make mere conclusory allegations to properly allege a trade secret violation under Section 688.002. Plaintiffs have failed to describe the alleged trade secrets with sufficient detail and have also failed to demonstrate that they took reasonable efforts to maintain the secrecy of their alleged trade secrets.

In an apparent attempt to address this deficiency, the Amended Complaint has added Paragraph 13, in which Plaintiffs broadly state that "Plaintiffs provided proprietary confidential information related to the mortgages, including personal identifying and financial information of thousands of borrowers, as well as proprietary calculations, assessments, and/or formulas related to the investment viability." Plaintiffs have not identified any of these alleged "proprietary calculations, assessments, and/or formulas" and do not allege facts to show why they are trade secrets or that they took reasonable steps to protect their secrecy.

Furthermore, Plaintiffs fail to properly allege what each of the four Defendants did to violate the Uniform Trade Secrets Act. The best that the Plaintiffs do is in Paragraph 22, in which they allege that "on information and belief, PLUNKETT, in concert with the other Defendants, was continuing to disseminate the confidential, privileged and proprietary information . . ." There are no allegations in the Complaint that specifically relate to the other Defendants. These facts do not allow the court to infer more than the mere possibility of misconduct. "Rule 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief. . . . Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, the court must determine whether the complaint gives adequate notice to each defendant." *Williams v. Wells Fargo Bank, N.A.*, 2011 WL 4368980 *13 (S.D. Fla. 2011). Accordingly, Count I must be dismissed for failure to state a cause of action for which relief may be granted.

### Count II - FDUTPA

In Count II, Plaintiffs seek relief under Florida's Deceptive and Unfair Trade Practices Act, codified at Florida Statutes Section 501.201 *et. seq*. A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009). As with the trade secret claim, Count II fails to allege which Defendants did what, and therefore does not put each of the Defendants on notice of what the claim is and the grounds upon which it rests. Plaintiffs merely allege that the Defendants were "fraudulently engaging the Plaintiffs in the transactions specified with the intention of simply 'flipping' them, intending all along to transmit proprietary information to third parties." (Complaint ¶ 32). To the extent that this FDUTPA claim is based upon fraud, the Complaint contains no particular facts as required by Fed. R. Civ. P. 9(b).

Furthermore, Count II contains no particular facts as to the conduct of any of the Defendants. *Principal Life Ins. Co. v. Mosberg*, 2010 WL 473042 *4 (S.D. Fla. 2010)("where multiple defendants are named, a plaintiff must 'plead fraud with the requisite specificity as to each of the [defendants].'"). Accordingly, Count II of Plaintiffs' Complaint fails to state a cause of action for which relief may be granted, and therefore must be dismissed.

### Counts III & IV - Breach of Contract

In Count III, NPA alleges breach of "the Asset Sale Agreement" by LPM, and in Count 4, MHA makes similar allegations. In order to state a cause of action for breach of contract, the plaintiff must allege (1) a valid contract, (2) a material breach of the contract, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F. 3d 913, 914 (11th Cir. 1999)(citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). Plaintiffs' claims fail because they do not adequately allege the existence of the contracts or the breaches of the contracts.

In Paragraphs 36 and 40, Plaintiffs merely allege that "LPM breached the Asset Sale Agreement." However, Plaintiffs do not attach an Asset Sale Agreement, or any agreement, to the Complaint. Furthermore, Plaintiffs do not quote, refer to, or paraphrase the contractual provisions they allege have been breached. Therefore, Plaintiffs have failed to state a claim for breach of contract in Counts III and IV.

### Counts V–VIII - Breach of Confidentiality Agreements

In Counts V–VIII, Plaintiff NPA asserts a claim against each of the Defendants for breach of a Confidentiality Agreement. Counts V–VIII, like Counts III and IV, fail to adequately allege the existence and breach of the alleged Confidentiality Agreements. In Paragraphs 44, 48, 52 and 56, NPA alleges that the various Defendants "breached the Confidentiality Agreements." However, NPA does not attach the alleged "Confidentiality Agreements," or any agreement, to

the Complaint. Furthermore, NPA does not quote, refer to, or paraphrase the contractual provisions it alleges have been breached. Therefore, NPA has failed to state a claim for breach of contract in Counts V–VIII.

Moreover, as to Count V against Plunkett and Count VI against Wetzold, Plaintiff's allegations admit that neither individual was a party to those agreements. Paragraph 11 alleges that "LPM and WPG entered into appropriate Confidentiality Agreements with NPA." Paragraphs 44 and 48 allege that Plunkett and Wetzold were not parties to the Confidentiality Agreement, but instead were somehow "bound" by them. (¶¶ 44 and 48). Plunkett and Wetzold cannot have breached agreements to which they are not parties. For that additional reason, Counts V and VI must be dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2014, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

BRINKLEY MORGAN
Attorney for Defendants
200 East Las Olas Boulevard, 19th Floor
Fort Lauderdale, Florida  33301
Telephone:  954-522-2200
Facsimile:  954-522-9123

By:  /s/ MARK A. LEVY
MARK A. LEVY
Florida Bar No.:  121320
Email:  mark.levy@brinkleymorgan.com
BRENT V. TRAPANA
Florida Bar No. 98150
Email:  brent.trapana@brinkleymorgan.com

**SERVICE LIST**

Michael B. Feiler
Feiler & Leach, PL
901 Ponce De Leon Blvd., Penthouse Suite
Coral Gables, FL 33134
Telephone:  305-441-8818
Facsimile:  305-441-8081
Email:  mbf@flmlegal.com
Attorney for Plaintiffs

Camille Anne Coolidge
One E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Telephone:  954-761-7781
Facsimile:  954-781-7782
Email:  coolidge@coolidgelaw.com
Attorney for Defendants

(016738-13001 #1601308)