UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  13-23930-CIV-MORENO

NPA ASSOCIATES, LLC and
MISCHA HILL ASSOCIATES, LLC,

        Plaintiffs,

v.

LAKESIDE PORTFOLIO
MANAGEMENT, LLC, WESTON
PORTFOLIO GROUP, LLC,
BRIAN O. PLUNKETT, and
EUGENE WETZOLD,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, pursuant to Rule 7.1, S.D. Fla. L.R., file their Response to Defendants' Motion to Dismiss, and state:

**BACKGROUND**

As the Court is aware, this is a relatively simple case involving the proposed purchase of two assets – mortgage pools – and the alleged defalcations by the Defendants herein in connection therewith.  Plaintiffs owned two groups of mortgages, referred to as "pools."  Mortgage pools can contain any combination of performing (current) and non-performing (delinquent) loans.  The borrower information is kept in a form referred to as "tapes" – each tape has identifying information for a group of loans, including the personal information related to borrowers, such as social security numbers and the like.  Investors who buy pools value them through the use of proprietary calculation formulas.

Like any other investment asset, there is a market for mortgage pools. It is common, when

an entity is interested in purchasing a pool, to conduct due diligence – that is, to vet the loan pool to ensure that the loans therein are of the quality that the purchaser wishes to buy.  Because loan documents necessarily contain sensitive information (social security numbers, bank and financial information), it is also common for parties to a potential transaction to enter into confidentiality agreements to protect that information.  Additionally, confidentiality is important because unsavory brokers that obtain such confidential information can then sell loans that they don't own.

Plaintiffs each owned one pool.  Defendant, LAKESIDE (controlled by PLUNKETT) entered into an agreement to buy the pools.  At some point, WESTON (controlled by WETZOLD), became involved in the process.  In connection with their due diligence, the Defendants, through PLUNKETT and WETZOLD, entered into Non-Disclosure Agreements preventing them from disseminating any of the information obtained in due diligence.

Plaintiffs then learned that the private information subject to non-disclosure was being disseminated in the marketplace, and that Defendants were attempting to sell the loans before they owned them.  Further, PLUNKETT began making excuses and failed to timely close; and PLUNKETT acknowledged his liability to Plaintiffs and agreed to pay delay costs, some of which were paid.  However, full payment of those costs was not made, and ultimately, after repeated extensions and promises of payment by PLUNKETT, LAKESIDE defaulted.  This case followed.

Plaintiffs allege that Defendants stole their trade secrets as defined by Florida law; and committed deceptive and unfair trade practices by misappropriating confidential information and attempting to sell the pools before they were owned; Plaintiffs also allege claims for breach of the purchase agreements and non-disclosure agreements.  Defendants move to dismiss, asserting that Plaintiffs have failed to sufficiently plead their claims.  Defendants' position is without merit; the

allegations of the Amended Complaint are more than sufficient to give Defendants notice of the nature of the claim and allow them the opportunity to intelligently formulate a response.

## DISCUSSION

### Count I - Trade Secrets

Defendants first attack Plaintiffs' trade secrets claim. They claim that Plaintiffs have failed to sufficiently identify the information that constitutes trade secrets; and that the information so qualifies. This is incorrect.

Whether information is a trade secret under Florida's Uniform Trade Secrets Act is a question of fact; accordingly, on a motion to dismiss on basis that supposed trade secrets do not satisfy statutory definition, the movant must present clear authority that the information that the plaintiff identifies is not protected. *Allegiance Healthcare Corp. v. Coleman*, 232 F.Supp.2d 1329 (S.D.Fla.2002). Defendants have made no such showing.

At Paragraph 13 of the Amended Complaint, Plaintiffs identify personal identifying and financial information of thousands of borrowers and Plaintiffs' proprietary formulas and calculations. Paragraph 19 further identifies tens of thousands of names, addresses and social security numbers. First, this type of financial information is inherently confidential. Second, proprietary formulas are likewise commonly understood to be confidential.

As to the issue of steps taken by the Plaintiffs to maintain the secrecy of the information, Plaintiffs specifically note, at Paragraph 25, that this was the purpose of the confidentiality agreements. *See Liberty American Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F.Supp.2d 1271 (M.D.Fla.2001) (proprietary rating software a trade secret; confidentiality agreement constitutes step taken to ensure secrecy).

Finally, Defendants argue that Plaintiffs do not sufficiently allege what the Defendants did to violate the Act. This, too, is meritless. Plaintiffs specifically alleged (Pars. 18 and 27) that Defendants, acting in concert, stole the secret information and disseminated it to third parties in connection with their own purposes. This is sufficient to state a claim under the Act. *See Sensormatic Electronics Corp. v. TAG Co. US, LLC*, 632 F.Supp.2d 1147 (S.D.Fla.2008). (allegations that defendant's acquisition of manufacturer's specifications was through "improper means" since defendant's chief executive officer (CEO) acquired manufacturer's confidential specifications through a breach of a duty to maintain secrecy, either his own or someone else's, and disclosed manufacturer's specifications or portions thereof to multiple third parties without manufacturer's consent).

**Count II - FDUTPA**

Again, Defendants complain that Plaintiffs have not alleged their claims with sufficient specificity. This is incorrect. First, Plaintiffs alleged (Pars. 18 and 22) that all of the Defendants, acting in concert, were disclosing the confidential information obtained during due diligence; were sleazily trying to sell assets they did not own; and that all Defendants had intended to do so all along.

First, the concept of unfair and deceptive conduct under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) is extremely broad. *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 203907 (M.D.Fla.2013). Indeed, the Act applies even if the unfair or deceptive act involves only a single party, a single transaction, or a single contract. *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 666 F.Supp.2d 1299 (M.D. Fla. 2009).

This includes the theft of, and dissemination of, proprietary information when it can create consumer confusion and damage the goodwill of the owner. *See, e.g, Wyndham Vacation Resorts,*

*Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149 (Fla. 5th DCA 2012). Further, a heightened pleading standard does not apply to FDUTPA claims. *See Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F.Supp.2d 1314 (M.D.Fla.2007).

Thus, Plaintiffs have adequately pled this claim.

**Counts III and IV – Breach of Contract (Asset Sale)**

Defendants complain that Plaintiffs failed to attach the contracts to the Complaint; and further claim that the nature of the breach was not specified. Again, this is without merit. Plaintiffs have properly pled the elements of a valid claim for breach.

First, Plaintiffs did not attach the contracts because of their confidential nature (Pars. 11 and 17). Second, the Amended Complaint alleges that the contracts were in the possession of Defendants. This is certainly sufficient, as Defendants do not claim that they are unaware of the subject agreements. Further, Plaintiffs specifically alleged the nature of the contracts – asset sale agreements related to the subject loan pools.

Second, Plaintiffs specifically and plainly allege that Defendants breached the Asset Sale Agreements by "failing to ultimately close on the agreed purchase." Pars. 36, 40.

Thus, Plaintiffs have stated a claim for breach of contract.

**Counts V-VIII – Breach of Confidentiality Agreements**

The exact same analysis above applies here. Plaintiffs alleged the existence of the confidentiality agreements, sufficiently describing them (Pars. 11-12). Plaintiffs further describe the specific nature of the breach – the disclosure of confidential information to unauthorized third parties (Pars. 48, 52, 56, 60).

Finally, Defendants claim that Plaintiffs allege that the Confidentiality Agreements bound

PLUNKETT and WETZOLD, without providing a basis for same.  This ignores Paragraph 12 of the Amended Complaint, which specifically states that the agreements stated that the corporate defendants and their affiliates, *including WETZOLD and PLUNKETT*, were prohibited from disclosing any information obtained as part of the negotiation process.  Further, the individual Defendants are specifically identified as principals of the corporate Defendants (Pars 6-7).  Inasmuch as they would be acting, in terms of participating in any negotiations, as agents of LAKESIDE and WESTON, they would be bound by the agreements regardless by virtue of their active participation in the process.  *See Lake City Stevedores v. East-West Shipping Agencies, Inc.*, 474 F. 2d 1060 (5th Cir. 1974).

Thus, Defendants' arguments must fail.

## CONCLUSION

Plaintiffs have sufficiently pled all counts herein so as to properly state valid causes of action. For the reasons set forth above, Defendants' Motion should be DENIED.

Respectfully submitted,

                                                      FEILER & LEACH, P.L.
                                                     Attorneys for Plaintiffs
                                                     901 Ponce de Leon Blvd., Penthouse Suite
                                                     Coral Gables, FL 33134-3009
                                                     Tel. (305) 441-8818  Fax (305) 441-8081
                                                     mbf@flmlegal.com

                                                     By: /s/ Michael B. Feiler
                                                        Michael B. Feiler
                                                        Board Certified Civil Trial Lawyer
                                                        Fla. Bar No. 098477

NPA v. LAKESIDE
13-23930-CIV-FAM
Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: /s/ Michael B. Feiler

**SERVICE LIST**

Mark A. Levy, Esq.
mark.levy@brinkleymorgan.com
Brent V. Trapana, Esq.
brent.trapana@brinkleymorgan.com
Brinkley Morgan
200 E. Las Olas Blvd. #1900
Ft. Lauderdale, FL 33301