UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NPA ASSOCIATES, LLC and
MISCHA HILL ASSOCIATES, LLC,                    CASE NO. 1:13-CV-23930-FAM

      Plaintiffs,

v.

LAKESIDE PORTFOLIO MANAGEMENT,
LLC, WESTON PORTFOLIO GROUP, LLC,
BRIAN O. PLUNKETT and
EUGENE WETZOLD,

      Defendants.
_____/

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Lakeside Portfolio Management, LLC, Weston Portfolio Group, LLC, Brian Plunkett, and Eugene Wetzold, by and through their undersigned counsel, hereby file their Reply Memorandum in Support of Motion to Dismiss Amended Complaint, and state as follows:

**Counts I and II (Trade Secrets and FDUPTA)**

1. For both Counts I and II, Defendants argue, *inter alia*, that the Amended Complaint fails to allege facts sufficient to show each of their involvement. (Motion at 4, 5). As to Count I (Trade Secrets Act), Plaintiffs cite *Sensormatic Electronics Corp. v. TAG Co. US, LLC*, 632 F. Supp. 2d 1147 (S.D. Fla. 2008) to support their contention that they have adequately pled that claim. However, *Sensormatic* does not directly address the Defendants' argument, as that case is not at the motion to dismiss stage, and does not deal with pleading standards. If anything, *Sensormatic* supports the Defendants' position, as it contains a lengthy factual

recitation as the basis for finding that a trade secrets violation existed.  As argued in the Motion, insufficient facts are pled in this Plaintiffs' Complaint, and it should be dismissed.

2. Defendants in their Motion argued that Plaintiffs failed to adequately allege the existence of their trade secrets.  Plaintiffs' allegations contain little more than the conclusory labels that information was "proprietary" or "confidential" without making any explanation of why that is so.  In other words, Plaintiffs have not alleged sufficient facts to determine if, on their face, the items sought to be protected are trade secrets.  As to the only portion of the allegation that contains a fact, "personal identifying and financial information of thousands of borrowers", while there are valid reasons why such information should be kept <u>confidential</u>, that is a different issue than whether that information is a <u>trade secret of the Plaintiffs</u>.

3. Plaintiffs cite *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329 (S.D. Fla. 2002), for the proposition that the Defendants must present clear authority that the information identified by the Plaintiffs is not protected.  However, in *Allegiance*, the factual allegations were far more detailed than in this case, as the Plaintiff alleged "customer lists, cost and profit margin information, and marketing and sales practices of Allegiance, as well as customer and buying habits and preferences."  In the case at bar, Plaintiffs have not even made allegations sufficient to properly identify the trade secrets sought to be protected.  Also, *Allegiance* was decided prior to the Federal Courts' adoption of the heightened pleading standards in *Twombly* and *Iqbal*.

## Counts V and VI

4. Counts V and VI allege that Defendants Plunkett and Wetzold breached contracts that were entered into between NPA and LPM, and NPA and WPG, respectively.  Plaintiffs allege, as they must, that neither Plunkett nor Wetzold are parties to those agreements.  Generally

speaking, "[u]nless a person is a party to a contract, that person may not sue or…be sued for breach of that contact. . . ." *Morgan Stanley DW, Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004); *see also Soines v. Wallis & Wallis, P.A.*, No. 13–61225–CIV, 2013 WL 3771341, at *4 (S.D. Fla. 2013)(finding "as a general rule, non-parties to a contract . . . can neither sue nor be sued for breach of a contract to which they were not parties").  Plaintiffs' allegation that the individual Defendants were "affiliated" with the contracting parties is insufficient.  Because they are not parties to the alleged agreements, Plunkett and Wetzold cannot be sued and these claims should be dismissed.

WHEREFORE, Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed, and that Court award any further relief that it deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I electronically filed the foregoing Reply with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

        BRINKLEY MORGAN
        Attorney for Defendants
        200 East Las Olas Boulevard, 19th Floor
        Fort Lauderdale, Florida  33301
        Telephone:  954-522-2200
        Facsimile:  954-522-9123

        By:  /s/ MARK A. LEVY
           MARK A. LEVY
           Florida Bar No.:  121320
           Email:  mark.levy@brinkleymorgan.com
           BRENT V. TRAPANA
           Florida Bar No. 98150
           Email:  brent.trapana@brinkleymorgan.com

## SERVICE LIST

Michael B. Feiler
Feiler & Leach, PL
901 Ponce De Leon Blvd., Penthouse Suite
Coral Gables, FL 33134
Telephone:  305-441-8818
Facsimile:  305-441-8081
Email:  mbf@flmlegal.com
Attorney for Plaintiffs

Camille Anne Coolidge
One E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Telephone:  954-761-7781
Facsimile:  954-781-7782
Email:  coolidge@coolidgelaw.com
Attorney for Defendants

[75] 016738-13001