UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23930-CIV-MORENO

NPA ASSOCS., LLC and MISCHA HILL ASSOCS., LLC,

    Plaintiff,

vs.

LAKESIDE PORTFOLIO MGMT., LLC et. al.,

    Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**I. Background**

This case comes before the Court on Defendants' Motion to Dismiss the Amended Complaint. The action stems from Plaintiffs' failed deals to sell two mortgaged-backed securities pools to Defendants. As discussed more fully below, the Court DENIES Defendants' Motion to Dismiss. As such, Defendants shall file their Answer no later than **March 14, 2014**.

Plaintiffs NPA Associates, LLC ("NPA") and Mischa Hill Associates, LLC ("Mischa Hill") are foreign limited liability companies with their principal places of business in Connecticut. Defendant Lakeside Portfolio Management, LLC ("Lakeside") is a Delaware limited liability company with its principal place of business in Florida. Defendants Brian O. Plunkett and Eugene Wetzold reside in Florida. The Amended Complaint makes no jurisdictional allegation regarding Defendant Weston Portfolio Group, LLC ("Weston").

In early 2013, Plaintiffs met Defendant Plunkett, the principal of Defendant Lakeside, and Plunkett expressed to Plaintiffs an interest in purchasing the two mortgage-backed securities pools

which are at issue here. Early in the negotiations, Defendant Weston and its principal, Wetzold, were brought in to assist Plunkett in completing the purchase. According to Plaintiffs, each corporate defendant signed Confidentiality Agreements with Plaintiff NPA after negotiations and as part of due diligence. Plaintiffs allege that Weston signed a confidentiality agreement on April 13, 2013, and Lakeside signed its agreement on June 1, 2013. During the due diligence period, Plaintiffs allege that they gave Defendants proprietary confidential information regarding the mortgages that made up the pools, including identifying and financial information for thousands of borrowers and "calculations, assessments, and/or formulas." On July 3, 2013, Plaintiff Mischa Hill entered into an Asset Sale Agreement with Defendant Lakeside to sell a pool of mortgages for $1.1 million. Separately, Plaintiff NPA entered into an Asset Sale Agreement to sell Defendant Lakeside a mortgage pool for $900,000.

Neither deal was ever consummated. Plaintiffs allege that, throughout the due diligence period, Defendants were disclosing the information that was subject to the Confidentiality Agreements in an effort to "flip" the deals prior to their closing. Plaintiffs allege that, because Defendants could not find a suitable opportunity to flip the pools, Defendants reneged on their commitments and backed out of the deal. This lawsuit resulted. Plaintiff's Amended Complaint contains eight counts: (1) injunctive relief against all Defendants for violations of trade secrets pursuant to Florida's Uniform Trade Secrets Act, (2) Florida Deceptive and Unfair Trade Practices Act claim against all Defendants, (3) NPA's breach of contract claim against Lakeside, (4) Mischa Hill's breach of contract claim against Lakeside, (5) NPA's breach of confidentiality agreement claim against Plunkett, (6) NPA's breach of confidentiality claim against Wetzold, (7) NPA's breach of confidentiality agreement against Lakeside, and (8) NPA's breach of confidentiality agreement

against Weston.

Defendants moved to dismiss the Amended Complaint on **January 6, 2014**. For reasons discussed more fully below, the Defendants' Motion to Dismiss is DENIED.

## II. Analysis

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### A. Trade Secrets

Misappropriation of Trade Secrets is governed by the Florida Uniform Trade Secrets Act. Fla. Stat. §§ 688.001-.004. Under Florida law, a trade secret is information that "(1) derives economic value from not being readily ascertainable by others and (2) is the subject of reasonable efforts to maintain its secrecy." *Am. Red. Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *See* Fla. Stat. §§ 688.002(4). If information is generally known or can be readily accessed

by third parties, it does not qualify as a trade secret. *Id.* To successfully plead a claim for misappropriation of trade secrets, a plaintiff must allege that (1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated. *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1371, 1391 (S.D. Fla. 2001). It is the plaintiff's burden to show that the information was a secret and that it took reasonable steps to protect the secrecy. *Am. Red. Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d at 1410. The statute defines misappropriation as "(a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," or

> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who: [either] 1.Used improper means to acquire knowledge of the trade secret; or 2. At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was: [] Derived from or through a person who had utilized improper means to acquire it; [] Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or [] Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or 3. Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Fla. Stat. § 688.002(2).

The Plaintiff must describe the misappropriated trade secret with "reasonable particularity." *Treco Int'l, S.A. v. Kromka*, 706 F.Supp.2d 1283, 1286 (S.D. Fla. 2010). Whether information is a trade secret is a question of fact normally within the province of the jury to decide. *Allegiance Healthcare Corp. v. Coleman*, 232 F.Supp.2d 1329, 1335 (S.D. Fla. 2002). Therefore, on a motion to dismiss, a movant must present "clear authority" that the information Plaintiff identifies does not deserve trade secret protection. *Id.* Courts have the power to enjoin actual or threatened misappropriation. Fla. Stat. § 688.003.

In this case, Plaintiffs sufficiently state a cause of action. Plaintiffs allege that (1) they possessed "proprietary confidential information related to the mortgages, including names, addresses, social security numbers, and financial information of thousands of borrowers, as well as proprietary calculations, assessments, and/or formulas related to the investment viability." Compl. at ¶ 13. The Plaintiffs also allege that they entered into Confidentiality agreements with Defendants Weston and Lakeside to protect that information. Confidentiality agreements constitute a reasonable effort taken to maintain. *See Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, LLC*, 199 F.Supp.2d 1271, 1286 (M.D. Fla. 2001). Thus, Plaintiffs have successfully plead that the information constituted a trade secret.

Plaintiffs have alleged that, in an effort to "flip" the transaction to a third-party buyer, Defendants Weston and Lakeside, through Plunkett and Wetzold, disclosed the information to potential third-party buyers. Given that Lakeside and Weston were under confidentiality agreements, and that Plunkett and Wetzold are the principals of Lakeside and Weston, respectively, and the alleged disseminators of the information, it is clear that Plaintiff has alleged that, at the time of the disclosure, the Defendants knew that their "knowledge of the trade secret was . . . [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." Fla. Stat. § 688.002(2). Thus, Plaintiff has sufficiently alleged that the trade secret was misappropriated.

Further, Defendant has not presented sufficiently clear authority to dismiss Plaintiffs' claim under the Florida Uniform Trade Secrets Act. For example, Defendants argue that Plaintiffs' assertions regarding "proprietary calculations, assessments, and/or formulas related to investment viability" do not identify the trade secret with reasonable particularity, and that Plaintiffs must specifically identify the calculations, assessments, or formulas misappropriated in order to comply

with its burden. Defendant's theory of the law is clearly incorrect. *See e.g. Allegiance Healthcare Corp. v. Coleman*, 232 F.Supp.2d at 1335. Under the theory propounded by Defendants, to protect a trade secret in an action before the Court, the Plaintiffs would have to betray that secret. Defendants' argument, if accepted, would render the entire concept of trade secrets meaningless. The Court declines to adopt it. For the above reasons, the Court DENIES Defendants' Motion to dismiss Count I of the Amended Complaint.

### B. Florida Deceptive and Unfair Trade Practices Act

Defendants next move to dismiss Count II: Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act. A claim under the Florida Deceptive and Unfair Trade Practices Act requires a plaintiff to allege "(1) a deceptive act or unfair practice; (2) causation; and (3) damages." *See e.g., Smith v. Wm. Wrigley Jr. Co.*, 663 F.Supp.2d 1339, 1339 (S.D. Fla. 2009); *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. Dist. Ct. App. 2008). "Anyone aggrieved" by a violation of the act may bring an injunctive or declaratory action, and "a person who has suffered a loss" can collect damages for a violation of the act. Fla. Stat. § 501.211(1)-(2). Businesses may bring claims under the act against competitors or those who misappropriate confidential or proprietary information or trade secrets. *See e.g., Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So.3d 1149, 1152 (Fla. Dist. Ct. App. 2012). "The concept of 'unfair and deceptive' conduct is extremely broad." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 945 F.Supp.2d 1331, 1344 (M.D. Fla. 2013).

Defendants argue that the claim must be dismissed because the Amended Complaint does not allege which defendant did what. This allegation is based upon a selective misreading of the Amended Complaint. Plaintiffs allege that Defendants Lakeside and Weston, acting in concert with

their principals, Plunkett and Wetzold, disseminated Plaintiffs' confidential and proprietary information in an effort to "flip" the deal. These allegations fall well within the "extremely broad" definition of unfair and deceptive conduct. Therefore, the Court DENIES Defendants' Motion to Dismiss.

### C. Breach of Contract

Defendants next move to dismiss Counts III and IV, the Plaintiffs' breach of contract claims. Count III is Plaintiff NPA's claim for breach of contract against Lakeside, and Count IV is Mischa Hill's breach of contract claim against Lakeside. Defendants argue that, because Plaintiffs did not attach or paraphrase the relevant contracts, the claims must fail. This assertion is erroneous, and the Court DENIES Defendants' Motion to Dismiss.

To state a cause of action for breach of contract under Florida law, a Plaintiff must allege (1) a valid contract, (2) a material breach of the contract, and (3) damages resulting from the breach. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999); *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006). The Complaint must allege which provision of the contract has been breached. *George v. Wells Fargo Bank, N.A.*, 2014 WL 61487 at *4 (S.D. Fla. Jan. 8, 2014). A plaintiff must either attach a copy of the valid contract to the complaint or identify a valid contract "with a degree of specificity." *Formula LLC v. RSUI Indem. Co.*, 2009 WL 2342455 at *3 (S.D. Fla. July 28, 2009)( citing *Behrman v. Allstate Life. Ins. Co.*, 388 F.Supp.2d 1346, 1352 (S.D. Fla. 2005)).

Defendants argue that, because Plaintiffs have not attached, quoted, referred to, or paraphrased the contract, the breach of contract claims must fail. The Court rejects this contention. Plaintiffs allege that Lakeside entered into an Asset Sale Agreement with NPA to purchase a pool

of assets for $900,000, with a closing date on or before July 5, 2013. Compl. at ¶ 16. This allegation forms the basis of Count III. Plaintiffs further allege that, "in failing to ultimately close on the agreed purchase, [Lakeside] breached the Asset Sale Agreement." Compl. at ¶ 36. Similarly, Plaintiffs allege that Lakeside entered into an Asset Sale Agreement on July 3, 2013 with Mischa Hill to purchase a pool of mortgages for $1.1 million, with a closing date no later than July 6, 2013. Compl. at ¶ 15. This allegation forms the basis of Count IV. Plaintiffs further allege that, "in failing to ultimately close on the agreed purchase, [Lakeside] breached the Asset Sale Agreement." Compl. at ¶ 40.

These factual allegations sufficiently allege which provision of the contract has been breached. While the contract is not attached, the valid contracts, in this case the two separate asset purchase agreements, have been identified with "a degree of specificity." *See Formula LLC v. RSUI Indem. Co.*, 2009 WL 2342455 at *3. Therefore, Plaintiffs have sufficiently alleged (1) a valid contract and (2) a material breach of that contract. Because it is undisputed that Plaintiffs have alleged that they were damaged by the breach, the Court finds that Plaintiffs have sufficiently alleged claims for breach of contract. Thus, the Court DENIES Defendants' Motion to Dismiss Counts III and IV.

### D. Breach of Confidentiality Agreements

Counts V-VIII are Plaintiff NPA's breach of confidentiality agreement claims against each defendant. Defendants have moved to dismiss all counts. Counts V and VI are NPA's claims against the LLCs' principals, Plunkett and Wetzold, while Counts VII and VIII are the claims against the companies themselves.

Confidentiality agreements are contracts; thus the elements Plaintiff must prove for breach of the confidentiality are the same as discussed *supra* for breach of contract. *See Munroe v.*

*PartsBase, Inc.*, 2009 WL 413721 at *5 (S.D. Fla. Feb. 18, 2009). In Florida, "ordinarily a contract cannot bind one who is not a party thererto or has not in some fashion agreed to accept its terms." *CH2M Hill SE, Inc. v. Pinellas Cty.*, 598 So.2d 85, 89 (Fla. Dist. Ct. App. 1992). Generally, "absent controlling language in the contract, a signature preceded by the word 'by' cannot bind the signor to a contract in which he is not designated as a party." *Onderko v. Advanced Auto Ins., Inc.*, 477 So.2d 1026, 1028 (Fla. Dist. Ct. App. 1985). Nevertheless, personal liability may be imposed on an individual where the contract's language indicates that the individual has accepted personal liability or assumed personal obligations. *See Robert C. Malt & Co. v. Carpet World Distrs., Inc.*, 763 So.2d 508, 510 (Fla. Dist. Ct. App. 2000). To determine whether a claim is sufficiently for individual liability against a corporate representative in the context of a motion to dismiss, the Court must consider both the language of the contract along with the complaint. *Coleman v. 688 Skate Park, Inc.*, 40 So.3d 867, 869 (Fla. Dist. Ct. App. 2010).

Regarding Counts V and VI, Defendants argue that Plunkett and Wetzold are not parties to the contract, and thus cannot be bound by them. On this Motion to Dismiss, there is no confidentiality agreement before the Court. Nevertheless, in the Complaint, Plaintiffs alleges\ that "[u]nder the terms of the Confidentiality Agreements, Defendants and their affiliates, including WETZOLD and PLUNKETT, were prohibited from disclosing any information obtained as part of the negotiation process." Compl. ¶ 12. Plaintiffs have thus alleged that Wetzold and Plunkett were bound by NPA's respective confidentiality agreements with Weston and Lakeside. Construing this allegation in the light most favorable to Plaintiffs, the Court refrains from dismissing Counts V and VI at this time.

Similarly, regarding Counts VII and VIII, the allegations of breach of the Confidentiality

Agrement against Lakeside and Weston, respectively, the Court DENIES Defendants' Motion to Dismiss. Plaintiffs have alleged the existence of confidentiality agreements with Weston and Lakeside. Plaintiffs have argued that Weston and Lakeside, through their respective principals, Plunkett and Wetzold, disseminated confidential information subject to the agreement in an effort to "flip" the deal. Plaintiffs have alleged they were damaged by this. Thus, Plaintiffs have sufficiently alleged enough to survive a motion to dismiss for a breach of confidentiality agreement. *See generally See Munroe v. PartsBase, Inc.*, 2009 WL 413721 at *5.

### III. Conclusion

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Amended Complaint **(D.E. No. 9)**, filed on **January 6, 2014**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants' shall file their Answer no later than **March 14, 2014**.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of February, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record