UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-23930-CIV-MORENO/O'SULLIVAN

NPA ASSOCIATES, LLC, and
MISCHA HILL ASSOCIATES, LLC,

    Plaintiffs,

v.

LAKESIDE PORTFOLIO MANAGEMENT,
LLC, WESTON PORTFOLIO GROUP, LLC,
BRIAN O. PLUNKETT, and
EUGENE WETZOLD,

    Defendants.
                                 /

## ORDER

THIS MATTER is before the Court pursuant to the Defendants Lakeside Portfolio Management, LLC and Brian Plunkett's Motion to Enforce Settlement Agreement and Escrow Agreement and to Quash Writ of Execution (DE# 39, 11/12/15). This matter was referred to the undersigned by the Honorable Federico A. Moreno in accordance with 28 U.S.C. § 636(b) (DE# 43, 12/30/15). Having reviewed the motion, the plaintiffs' response (DE# 40, 12/1/15), and the defendants' reply (DE# 12/10/15), and having heard argument of counsel, it is

ORDERED AND ADJUDGED that the Defendants Lakeside Portfolio Management, LLC and Brian Plunkett's Motion to Enforce Settlement Agreement and Escrow Agreement and to Quash Writ of Execution (DE# 39, 11/12/15) is GRANTED in part.  As counsel for plaintiff conceded during the hearing, the plaintiffs shall exhaust execution on the assets posted as collateral in Exhibit B to the Escrow Agreement (DE#

39-2, 11/12/15) before proceeding in execution against the defendants' other property and assets.  See Kearney Constr. Co. v. Bank of America, N.A., No. 8:09-cv-1912-T-33TBM, 2011 WL 693573, at *1 (M.D. Fla. Feb. 18, 2011) (acknowledging that "Florida law and the UCC do not allow [a judgment creditor] to pursue the Guarantors until [the judgment creditor] has sold the collateral in a commercially reasonable manner and applied such proceeds to [satisfy the debt].") (citing Motorola Commc'ns v. Nat'l Patient Aids, Inc., 427 So. 2d 1042, 1047 (Fla. 4th DCA 1983)); see also Ayares-Eisenberg Perrine v. Sun Bank, 455 So. 2d 525, 527 (Fla. 3d DCA 1984) (holding that "Article 9 [of the Uniform Commercial Code] does not give a secured creditor the authority to harass a debtor by pursuing contemporaneously two or more remedies ... and that Sun Bank's obviously premature action directly on the note was therefore precluded and may not be resumed until fulfillment of the statutory requirements with respect to disposition of the collateral").  "Florida courts have held that once a secured party has chosen a remedy, it must pursue that remedy to fruition, and only then may it pursue satisfaction of the debt by another method."  Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc., No. 12-61670-CIV, 2013 WL 6768641, at *9 (S.D. Fla. Dec. 20, 2013) (citing Ayares-Eisenberg Perrine, 455 So. 2d at 526) (other citation omitted).  It is further

     ORDERED AND ADJUDGED that the plaintiffs may proceed with discovery in aid of execution.  It is further

     ORDERED AND ADJUDGED that if a deficiency exists after the plaintiffs sell the collateral that was posted by the defendants pursuant to the Settlement Agreement and Escrow Agreement, the plaintiffs are entitled to execute on assets and property of the

defendants in addition to the pledged collateral that was listed on Exhibit B to the Escrow Agreement (DE# 39-2, 11/12/15).  Neither the Settlement Agreement nor the Escrow Agreement limit the scope of the defendants' property and assets that are subject to execution in the event of a default under the contracts or if the sale of the collateral results in a deficiency of the amount due under the judgment.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **27th** day of January, 2016.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record